IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUREFOOT L.C., a Utah limited liability company,<br><br>  Plaintiff,<br><br>    vs.<br><br>SURE FOOT CORPORATION, a North Dakota corporation,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER STAYING ACTION<br><br><br>Case No. 2:07-CV-67 TS |

    This matter is before the Court on Plaintiff's Motion to Remand[1] and Defendant's Motions to Strike[2] and Dismiss.[3]

### I. INTRODUCTION

    On July 7, 2006, Plaintiff Surefoot L.C. initiated Case No. 2:06-CV-554 TS (the "previous or prior action") against Defendant Sure Foot Corporation and sought a declaratory judgment finding: (1) that there is no trademark infringement arising from its use of the mark

---

  [1]Docket No. 15. Docket Nos. are in Case No. 2:07-CV-67, unless otherwise noted.

  [2]Docket No. 30.

  [3]Docket No. 18.

"Surefoot;" (2) the invalidity or limitation of alleged trademark rights that Defendant had asserted against it, and (3) that any potential trademark infringement claim, unfair competition, or dilution claims are barred by equitable doctrines.  Pursuant to an October 31, 2006 Memorandum Decision and Order ("October Order"),[4] this Court dismissed Plaintiff's case without prejudice.  More specifically, the Court found that it did not have subject matter jurisdiction to render declaratory judgment because Plaintiff did not meet its burden of showing that Defendant's conduct created a reasonable apprehension of suit at the time of the filing of the action.  Plaintiff subsequently appealed that decision, and the appeal is now pending before the Tenth Circuit.

On December 29, 2006, Plaintiff filed a second action in state court, which was subsequently removed to this Court.  In its new Complaint, Plaintiff brings the following causes of action against Defendant, based, to a significant degree, on the same facts which formed the basis of the previous action: (1) judicial estoppel/collateral estoppel, (2) declaratory judgment of no trademark infringement, (3) declaratory judgment of Plaintiff's trademark rights and limitation of Defendant's trademark right, (4) equitable estoppel, (5) declaratory relief/estoppel by laches/laches/unclean hands, (6) waiver/consent/acquiescence, and (7) injunctive relief.

Defendant now moves for dismissal, asserting that Plaintiff's claims are barred by issue preclusion and that this Court still does not have subject matter jurisdiction to render declaratory judgment.  Plaintiff opposes Defendant's Motion and moves for remand to state court.  After having reviewed the memoranda, and hearing oral argument, the Court makes the following ruling.

---

[4]Docket No. 21, Case No. 2:06-CV-554.

## II.  DISCUSSION

*A.  Defendant's Motion to Strike*

Defendant moves to strike portions of a declaration by Robert J. Shay,[5] filed in support of Plaintiff's Opposition to Defendant's Motion to Dismiss.  Specifically, Defendant moves to strike attached Exhibits 6, 8-16, and 22, and Paragraphs 15, 18-19, 21-32, and 45-51 upon the grounds that they are confidential settlement communications in violation of Fed. R. Evid. 408.  Defendant also moves to strike Paragraphs 11, 13-14, 32, 37, 39-41, 49, and 50 of the Shay declaration because they contain inadmissible legal opinions, expert testimony, and self-serving and conclusory statements in violation of Fed. R. Evid. 701 and 702.

Plaintiff has not submitted a response to Defendant's Motion, but in its Opposition to Defendant's Motion to Dismiss, Plaintiff argues that a December 21, 2006 email referenced in the Shay declaration at Paragraphs 45-48, 41-42, and 49, and other references in Paragraphs 39-40, relate to "some wrong that was committed in the course of the settlement discussions" and that Rule 408 does not apply to bar such evidence.[6]

Fed. R. Evid. 408 states that

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible *to prove liability for or invalidity of the claim* or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . . This rule . . . does not require exclusion when the evidence is offered for another purpose . . . .

---

[5]Docket No. 26.

[6]Plaintiff cites *Uforma/Shelby Bus. Forms, Inc., v. NLRB*, 111 F.3d 1284, 1293 (6th Cir. 1997) in support of this argument.

The Court finds that the paragraphs referred to by Plaintiff—39-42, and 45-49—are admissible, not for the purpose of proving liability for or invalidity of any of Plaintiff's claims, but rather, to address the question of whether Plaintiff's claims are justiciable.[7] The Court will, therefore, allow them for this limited purpose. The Court declines to strike the other items referenced by Plaintiff because it finds that they are not necessary for the Court's analysis of the issues before it.

### B.  Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims are barred by issue preclusion or collateral estoppel, that Plaintiff fails to state a claim with respect to several of its claims, and that it is entitled to attorneys' fees under Utah statute for Plaintiff having filed this allegedly frivolous action. Significantly, Plaintiff also argues that, as was determined by the October Order, there is no Article III case or controversy in this action.

"It is a principle of first importance that the federal courts are courts of limited jurisdiction."[8] Federal courts are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress.[9] Because this Court necessarily lacks subject matter jurisdiction if there is no case or controversy, the Court begins with this issue.

---

[7] *See Sandisk Corp. v. STMicroelectonics, Inc.*, No. 05-1300, 2007 WL 881008, at **2, 4 (Fed. Cir. March 26, 2007) (using "settlement discussions under Federal Rule of Evidence 408" in evaluation of subject matter jurisdiction).

[8] Wright and Miller, 13 *Federal Practice and Procedure* § 3522.

[9] *Id.*

Defendant argues that, as in the previous action, there is no jurisdiction here because Plaintiff's claims are not ripe under Utah's Declaratory Judgment Act ("the Utah Act"). Defendant attempts to support this assertion by referencing the October Order and citing to Utah case law dealing with the issue of justiciability. Defendant also argues that Defendant's judicial/collateral estoppel claim is based on statements from the first action, not any actual conflict between the parties. Defendant also points out that Plaintiff has not asserted that it has sought statutory relief for its trademark claim, and that, therefore, Plaintiff seeks an advisory opinion. Defendant also argues that there is no trademark infringement action pending.

Plaintiff contends that its claims are justiciable under the Utah Act. Plaintiff argues that the Utah Act's requirements for a case or controversy are less stringent than those of the Federal Declaratory Judgment Act. Plaintiff then makes several arguments to rebut Defendant's contentions using Utah case law addressing the Utah Act.

Significantly, and as Plaintiff's Memorandum in Support of [It's] Motion to Remand clearly points out, "[b]ecause the Declaratory Judgment Act is procedural in nature, federal law determines whether or not a district court may properly exercise its discretion to hear a claim for declaratory relief."[10] While Plaintiff, in its Motion to Remand, makes arguments under the *Erie* doctrine in an attempt to sidestep this reality, the Court remains convinced that the declaratory judgment acts are procedural in nature and that, therefore, the Federal Declaratory Judgment Act applies here. Moreover, Defendant at no point disputes the procedural nature of the declaratory

---

[10]*Bd. of County Comm'rs v. Cont'l W. Ins. Co.*, 184 F.Supp.2d 1117, 1120 (D. Kan. 2001). "This is true, even where, as in this case, a claim for declaratory relief originates in state court [under state statute] and is removed to federal court." *Id.* (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (same), *overruled on other grounds*, *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)).

judgment acts. Accordingly, while this action was filed under the Utah Declaratory Judgment Act, the Federal Declaratory Judgment Act effectively governs this action. The Court, therefore, finds no reason to address the arguments of the parties which reference the Utah Declaratory Judgment Act. Rather, the Court looks to federal case law addressing the issue of justiciability as it relates to declaratory judgment in trademark actions.

As set forth in the October Order,

> [t]he test for an actual case or controversy in trademark actions is two pronged (i) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff and (ii) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant. . . . An indirect threat of suit is sufficient to satisfy the first prong.[11]

Plaintiff first argues that, in this action, it asserts new facts, not addressed in the previous action, which, taken with other facts not addressed in the previous action, demonstrate a reasonable apprehension of liability. Alternatively, Plaintiff argues that the Supreme Court's recent decision in *MedImmune, Inc. v. Genentech, Inc.*[12]—issued after this Court's October Order—obviates the "reasonable apprehension" prong set forth above. Defendant disputes that Plaintiff's new facts are sufficient and that the *MedImmune* decision controls this case.

Assuming, arguendo, that the reasonable apprehension test governs, the Court is not convinced that Plaintiff's new facts demonstrate reasonable apprehension of liability. In the first place, "an objectively reasonable apprehension of imminent litigation must be determined from the *totality* of the circumstances."[13] Most of the "circumstances" in this action are currently

---

[11] *Menashe v. V Secret Catalogue, Inc.*, 409 F.Supp.2d 412, 421 (S.D.N.Y. 2006).

[12] 127 S.Ct. 764, 774 n.11 (2007).

[13] *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 827 (E.D.Va. 2001) (emphasis added).

being reviewed by the Tenth Circuit, and therefore, it would be inappropriate for this Court to review them again.  Other new circumstances relate to a December 21, 2006 e-mail from Defendant's counsel to Plaintiff's counsel.  Having reviewed the contents of the e-mail, the Court is inclined to believe that the e-mail refers to ongoing Trademark Trial and Appeal Board ("TTAB") proceedings in which the parties are involved that simply "do not give rise to declaratory judgment jurisdiction."[14]

As it relates to whether the standard set forth in *MedImmune* governs, significantly, the parties have raised this precise issue in their appeal, the underlying facts of which, as mentioned above, are nearly identical to the facts set forth in this action.  Because this precise issue is currently before the Tenth Circuit,[15] and argued by the same parties in a nearly identical factual context, regarding the same underlying trademark dispute, the Court finds that it would not be prudent to proceed with the issues raised in this action.  Accordingly, the Court will stay this action pending the outcome of the appeal.

> It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'  The granting of the stay ordinarily lies within the discretion of the district court.[16]

---

[14] October Order, at 9.

[15] During the hearing, the parties supplied the Court with some of the briefs filed on appeal.

[16] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Mediware Info Sys., Inc. v. McKesson Info. Solutions*, LLC, No. 06-2391, 2007 WL 473700 (D. Kan. Feb. 9, 2007) (same; citing *Pet Milk Co.*, 323 F.2d at 588).

Moreover, the Court may stay an action *sua sponte*.[17]  "In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants."[18]

The Court notes that Defendant has favorably raised the question of staying this action pending the outcome of the Tenth Circuit appeal.[19]  The Court further notes that the issues addressed in the Supreme Court's *MedImmune* decision represent a very recent and rapidly changing area of law which the Tenth Circuit has not yet addressed.  After considering the competing interests and the effects of a stay, the Court determines that the interests of all would be much better served by having the Tenth Circuit:  (a) address the totality of the circumstances as set forth in the previous action, and (b) interpret the breadth of the *MedImmune* decision in the near-factually identical/same party/same dispute context here, than they would by this Court's forging ahead with important threshold issues in a duplicative and potentially encroaching fashion.[20]  Should the Tenth Circuit reverse and remand the prior action based upon *MedImmune*, and this Court concurrently interpret or apply *MedImmune* in a contrary manner, tremendous inefficiencies would result.

With the issue of subject matter jurisdiction unresolved, the Court need not address Defendant's remaining grounds for dismissal.

---

[17] *Crown Cent. Petroleum Corp. v. Dept. of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984).

[18] *Id.* at 98-99 (citing *Landis*, 299 U.S. at 254-55).

[19] Docket No. 22, at 3.

[20] *Cf. Pet Milk Co.*, 323 F.2d at 588 (stating in dicta that "it might appear advisable that the . . . case[] now pending be delayed until the appeals involving identical questions are decided").

*C.  Plaintiff's Motion to Remand*

Plaintiff asks this Court to exercise its discretion not to declare judgment in this action, but to remand this action back to the originating state court.  Alternatively, Plaintiff, citing 28 U.S.C. § 1447(c) asks, should the Court determine that there is not subject matter jurisdiction, that the Court remand to state court.

With the issue of subject matter jurisdiction outstanding, the Court declines to rule on Plaintiff's Motion at this time.

### III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendant's Motion to Strike is DENIED.  It is further

ORDERED that this action be STAYED pending the decision by the Tenth Circuit as to the appeal of the previous action.

SO ORDERED.

DATED   May 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge